PETER R. KELLY, RESPONDENT, v. HORACE F. BURROUGHS, APPELLANT.

33  349
29ap 44

*Evidence — testimony as to a personal transaction with a deceased person — Code of Civil Procedure, sec. 829.*

This action was brought by the second indorser of a promissory note, who had paid a judgment recovered, against the administrator of the maker and the two indorsers, by the bank by which the note had been discounted. Upon the trial the first indorser was sworn in his own behalf and testified that he was an accommodation indorser.

*Held,* that this was an examination as to a personal transaction with the deceased, within the meaning of section 829 of the Code of Civil Procedure, and justified the court in allowing the plaintiff to testify that he also was an accommodation indorser and that he had paid to the maker the money received upon the discount of the note.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed at the circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Jesse Johnson* and *George H. Fisher,* for the appellant.

*J. Stewart Ross,* for the respondent.

BARNARD, P. J.:

Assuming that section 829 of the Code applied to the case presented, still the testimony of the plaintiff was properly received. The action was upon a promissory note made by one Evans. The defendant was the first indorser and the plaintiff was the second indorser. The note was discounted by the Commercial Bank of Brooklyn. The bank recovered a judgment upon it against the administrator of the maker and against the two indorsers. The plaintiff paid the judgment and took up the note. Upon the trial the plaintiff produced the note and rested. The presumption was that the maker passed the note to Burroughs for value, and that Burroughs passed the note for value to the plaintiff. The defendant was sworn in his own behalf and testified that he was an accommodation indorser. This was an examination on his own behalf in respect to the note of the deceased, and the plaintiff was at liberty, under the section, to testify "concerning the same transaction." The plaintiff testified that he was an accommodation indorser also, and that he presented the note to be discounted and paid the money over to Evans. Unless the defendant had been sworn in relation to the note, the testimony of the plaintiff is unnecessary. The note entitled him to judgment. If he did receive the proceeds he was presumptively entitled to do so and still hold the maker and indorser, prior to himself, on it. The defendant changed the presumption by his testimony, and it was competent for the plaintiff to speak of the same transaction which included his connection with the note; and not only that part of the

transaction which affected the defendant's position thereon ; he could testify to facts which made the defendant liable even as an accommodation indorser. (*Sweet* v. *Eddy*, 28 Hun, 432.) There was no dispute as to the facts and the court properly directed a judgment for the plaintiff. Such a disposition is proper when a verdict if found by the jury for the defendant would have been set aside as against the evidence. This was such a case and the judgment should be affirmed, with costs.

DYKMAN, J., concurred ; PRATT, J., not sitting.

Judgment affirmed, with costs.